UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 13, 2016

MEMORANDUM TO COUNSEL RE:   William Parker v. Ciena Corporation, et al.
                             Civil No. GLR-14-4036

Dear Counsel:

Pending before the Court is Plaintiff William Parker's Motion for Reconsideration (ECF No. 16). The Motion is ripe for disposition. The Court, having reviewed the Motion and the parties' briefs, finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, the Court will deny the Motion.

On December 30, 2014, Parker initiated this action against his former employer, Defendant Ciena Corporation ("Ciena"), and former supervisor at Ciena, Defendant Mark Gorman. (ECF No. 1). Parker raises five claims: race discrimination and retaliation in violation of 42 U.S.C. § 1981 (2012) (Counts I and II); negligent supervision, retention, and hiring (Count III); intentional infliction of emotional distress ("IIED") (Count IV); and tortious interference with a prospective advantage (Count V). (Id.). On March 23, 2015, Ciena and Gorman filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). On January 12, 2016, the Court issued an Order granting the Motion to Dismiss, dismissing Count I without prejudice, and dismissing Counts II–V with prejudice. (ECF No. 15). The Court also granted Parker thirty days to amend Count I. (Id.). Parker filed a Motion for Reconsideration on January 28, 2016 (ECF No. 16). Ciena and Gorman filed an Opposition on February 16, 2016 (ECF No. 17), to which Parker submitted a Reply on March 4, 2016 (ECF No. 18). To date, the Court has no record that Parker has amended his Complaint.

A motion for reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). This rule provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." Fed.R.Civ.P. 54(b). Parties must file Rule 54(b) motions no later than fourteen days after entry of the order they are challenging. See Local Rule 105.10 (D.Md. 2014).

Although the standard used to alter or amend a final judgment pursuant to Rule 59(e) is not binding in an analysis of Rule 54(b) motions, see Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003), the Court will use the Rule 59(e) standard as guidance for evaluating Parker's motion, see Harper v. Anchor Packing Co., Nos. GLR-12-460 & GLR-12-462, 2014 WL 3828387, at *1 (D.Md. Aug. 1, 2014). Pursuant to Rule 59(e), a district court may alter or amend a final judgment only under three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of

law or prevent manifest injustice." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (quoting Wright, et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 09CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011).

Pursuant to Local Rule 105.10, the deadline for Parker to file his Motion was January 26, 2016. Parker, however, filed his Motion two days later on January 28, 2016. The Court finds, therefore, that Parker's Motion is untimely. Nevertheless, the Court will consider the merits of Parker's Motion because the Court will apply the Rule 59(e) standard which gives parties twenty-eight days to file motions for reconsideration. Fed.R.Civ.P. 59(e).

In his Motion, Parker attempts to relitigate his case and expresses his disagreement with the Court's January 12, 2016 Order. He fails to demonstrate any of the three circumstances that would permit the Court amend its previous Order. Accordingly, the Court will deny his Motion.

Based on the foregoing reasons, Parker's Motion for Reconsideration (ECF No. 16) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. Parker shall file an amended complaint for Count I within thirty days of the date of this memorandum.

        Very truly yours,

        /s/
        _____

        George L. Russell, III
        United States District Judge