IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| WILLIAM PARKER | : |
| | : |
| Plaintiff, | : |
| | : Case No. 1:14-cv-04036-GLR |
| v. | : |
| | : |
| CIENA CORPORATION | : |
| | : |
| and | : |
| | : |
| MARK GORMAN | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S L.R. 104.8(c) CERTIFICATE

Plaintiff, by and through counsel and pursuant to Local Rule 104.8(c), respectfully requests that the Court Order Defendants to provide full and complete responses to Plaintiff's Interrogatories and Requests for Production of Documents because the Parties have been unable to resolve the discovery disputes which have arisen therefrom.

1. The Parties held a telephonic discovery conference March 20, 2017. Eden Brown Gaines participated on behalf of Plaintiff. George Ingham and Stanley Brown participated on behalf of Defendants.

2. In addition to the discovery conference, the Parties exchanged correspondence and email communications, including letters of March 1, 2017 (Plaintiff), March 8, 2017 (Defendants) and subsequent emails. The Parties narrowed or resolved a few issues. The Parties

resolved additional issues as a result of service of Plaintiff's Motion to Compel pursuant to Local Rule 104.8.

3. Unfortunately, as reflected more clearly in Plaintiff's Reply in Motion to Compel, the following issues remain and require the Court's intervention for ultimate resolution:

    a. Defendants' refusal to identify any facts which it contends support or otherwise relate to Defendants' defenses, as asserted in Defendants' Answer or any assertions to rebut Plaintiff's claims.

    b. Although Plaintiff has asserted he was discriminated against in compensation based on his race, Defendants refuse to provide information relating to the compensation and performance appraisals (which are tied to compensation) of Plaintiff's comparators and Defendants refuse to identify Plaintiff's comparators by race.

    c. Defendants have alluded to a defense concerning Defendant, Gorman's lack of discriminatory animus based on his hiring of Plaintiff. Defendants refuse to provide information concerning Ciena's hiring policies and practices; the race of individuals hired by Defendant Gorman; and/or the participation of other individuals in Plaintiff's hiring. Plaintiff seeks to compel this information or preclude Defendants from asserting the defense pursuant to Fed.R.Civ.P. 37.

    d. Defendants' refusal to provide evidence that Ciena provided greater resources and treated Plaintiff's comparator, David Bains, more favorably in the terms and conditions of his employment. Defendants generally refuse to provide information which identify clearly Defendant, Gorman's subordinates (whom Plaintiff claims should have been supervised by Plaintiff); Plaintiff's subordinates (Plaintiff claims he had none); David Bains' subordinates; and the subordinates of others similarly situated to Plaintiff.

    e. Defendants refuse to explain steps taken to preserve relevant evidence, including electronic evidence and Defendants refuse to identify lost or destroyed evidence.

    f. Defendants refuse to provide evidence which is probative of Plaintiff's claims that Defendants orchestrated his termination by unjustifiably blaming Plaintiff for Gorman's missteps. Plaintiff contends Defendants terminated him or made him a scapegoat because he is African American and to justify awarding his responsibilities and compensation to his comparator, David Bains.

    g. Defendant, Gorman refuses to provide sufficient information concerning his prior employment history as to permit Plaintiff to query Gorman's former employers and

Defendant Gorman refuses to identify the reasons for his separation from prior employers. Upon information and belief, Gorman was the subject of prior complaints of discrimination in his former employment.

       f.      Defendants provided contrasting and conflicting reasons for Plaintiff's termination and Defendants refuse to provide documentary evidence, to include electronic communications and memoranda concerning the reasons Defendants terminated Plaintiff.

      4.      Plaintiff's Motion to Compel and Exhibits, Defendants' Opposition and Exhibits and Plaintiff's Reply have been served pursuant to Rule 104.8 and are attached as exhibits hereto.

Respectfully submitted:                                  April 17, 2017

/s/ Eden Brown Gaines
Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20002
(202) 248-5040 (office)
(301) 542-0032 (facsimile)
egaines@browngaines.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing L.R. 104.8(c) Certificate was served via the Court's Electronic Case Filing system this 17th day of April, 2017 upon the following:

George Ingham
HOGAN LOVELLS US, LLP
7930 Jones Branch Drive
9th Floor
McLean, VA 22102
George.ingham@hoganlovells.com


  /s/Eden Brown Gaines
Eden Brown Gaines