**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| WILLIAM PARKER | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:14-cv-04036-GLR |
| v. | : | |
| | : | |
| CIENA CORPORATION | : | |
| | : | |
| and | : | |
| | : | |
| MARK GORMAN | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO**
**PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR**
**PRODUCTION OF DOCUMENTS**

Plaintiff, William Parker, by and through his counsel and pursuant to Rule 37 of the

Federal Rules of Civil Procedure ("FRCP") and Local Rule 104.8, respectfully requests an Order

Compelling Defendants to provide full and complete responses to Plaintiff's Interrogatories and

Requests for Production of Documents to both Defendants and as grounds, Plaintiff respectfully

refers the Court the the accompanying memorandum of points and authorities.

The Certificate required by Local Rule 104.7 and concerning Plaintiff's good faith

attempts to resolve the discovery dispute between the parties  is filed simultaneously herewith.

Respectfully submitted:


_____
Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20002
(202) 248-5040 (office)
(301) 542-0032 (facsimile)
egaines@browngaines.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| WILLIAM PARKER | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:14-cv-04036-GLR |
| v. | : | |
| | : | |
| CIENA CORPORATION | : | |
| | : | |
| and | : | |
| | : | |
| MARK GORMAN | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO COMPEL FULL AND COMPLETE RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

For the reasons indicated in Plaintiff's Memorandum and Points of Authorities in support of his Motion to Compel, Plaintiff respectfully requests an Order compelling Defendants Ciena Corp. and Mark Gorman to provide full and complete responses to Plaintiff's Interrogatories and Requests for Production of Documents and/or an Order precluding any evidence or testimony in support of Defendants' defenses.

**I.       INTRODUCTION**

Pursuant to the FRCP and Local of this Court, Plaintiff served Interrogatories and Requests for Production of Documents on Defendants on January 5, 2017.  Plaintiff served a

Notice of 30(b)(6) deposition on February 4, 2017.  The Notice included additional Requests for

Production of Documents.  Defendants served their objections to the Interrogatories and

Requests for Production of Documents on February 15, 2017 and their Answers and Responses

to the same on February 21, 2017.  Exhibit A.  Defendant, Ciena Corp. ("Ciena") served its

objections to the 30(b)(6) Requests for Documents on February 26, 2017.  Exhibit B.

Plaintiff, in a good faith effort to resolve Defendants' discovery objections, many of

which appeared boilerplate and most without merit, sent correspondence on March 1, 2017.

Exhibit C and D.  Defendants responded on March 8, 2017 generally affirming their positions on

the objections.  Exhibit E.  However, by subsequent correspondence on March 9, 2017,

Defendants indicated their intent to provide information and documents to certain Interrogatories

and Requests for Production of Documents despite their objections.  Exhibit F.  Defendant's

supplemented their production on March 14, 2017.  Notwithstanding and as discussed herein,

several issues remain outstanding.

## II.      SCOPE OF DISCOVERY

While the instructions provided to Defendants indicated that the time period for

responsive documents was generally to be January 2010 to the present (Exhibit G), several

requests were limited to the period immediately preceding Plaintiff's hire (January 1, 2011) and

a short period following Plaintiff's termination (December 2014).   Defendants objected to

providing information for any period beyond Plaintiff's hire date in June 2011 and his

termination in June 2013.  As explained in connection with specific Interrogatories and Requests,

the period prior to or after Plaintiff's termination is relevant for purposes of comparison, as

Plaintiff contends his position was eliminated and his duties and responsibilities were absorbed

by new hires.  The scope is also appropriate because Mr. Gorman is alleged to have had a history

of misfeasance and discrimination prior to and following Plaintiff's employment.  Accordingly,

Defendants' discovery responses should not be limited to the exact timeframe of Plaintiff's

employment and where appropriate, Plaintiff requests that the Court compel Defendants to

provide responses for the appropriate time period.

## III.    PRIVILEGE LOG

Defendant provided a privilege log identifying a single document pertaining to

discussions concerning Plaintiff's termination.  Exhibit F.  Notwithstanding, Defendant asserted

the attorney-client or work product privilege in response to a number of Interrogatories and

Requests for Documents and made reference to at least one document that was not included on

the log in their objections.  Plaintiff requests that the Court compel Defendants to update the log

to include any documents withheld based on any privilege and affirm that no other documents or

information has been withheld pursuant to privilege or otherwise.

## IV.    FAILURE TO APPROPRIATELY CATEGORIZE THE DOCUMENT PRODUCTION

Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure requires that Defendants

categorize documents produced to facilitate the identification of documents as responsive to

specific requests.   The rule reads in relevant part as follows:

> A party must produce documents as they are kept in the usual course  of business or must
> organize and label them to correspond to the categories in the request.

Defendants produced over 3200 unidentified, uncategorized documents in such a manner that

Plaintiff has no way of knowing which documents are intended as responsive to which requests.

The rules do not require that Plaintiff guess as to the responsiveness of documents in the context

of discrete discovery requests.

Defendants contend they have elected to produce documents as kept in the usual course of business rather than categorizing the documents.  This is patently false.   The overwhelming majority of the documents are electronic mail or electronic records, neither of which are typically maintained as printouts in PDF format.  Defendants did not produce the electronic data in native format and therefore must, according to the FRCP 34(b)(2)(E) categorize the documents and label them to correspond to the categories in the request.  Plaintiff requests that the Defendants be compelled to do so.  Plaintiff's further reserve the right to seek additional relief, should, following the Court's Order and Defendants' compliance with the rule, Plaintiff discovery Defendant has not provided responses to certain requests not specifically enumerated herein.

## V.     PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CIENA[1]

*INTERROGATORY NO. 8: Identify the names, addresses, dates of birth, date of hire, race, positions held, experience, performance ratings, compensation (including increases) for all individuals who have been employed by you as a Director or higher level between 2006 and the present.*

*REQUEST NO 16: All Documents pertaining or related to setting compensation for employees at the Director level or above.*

*REQUEST NO. 23: All Documents pertaining to or reflecting the racial demographics of employees at the Director level or above.*

During the conference process, Defendants narrowed their objection to providing information concerning Directors outside of the Corporate Real Estate Group.  To date, Defendant has refused to provide complete and clear information concerning its corporate

---

[1] Although Defendant asserted boilerplate objections in response to every Interrogatory and Request enumerated in Sections V, VI and VII, Plaintiff's arguments address Defendant's position following the meet and confer process.

structure (or at least the same cannot be readily ascertained from Defendants' data dump).  In

fact, Defendant has claimed that Plaintiff's comparator, Mr. David Bains,  did not or does not

work for the same company as Plaintiff, despite his appearance as a peer on an organizational

chart within Plaintiff's possession.  Exhibit H.  Defendant provided no direct response (Exhibit

A), but instead contends to have identified Directors within the Corporate Real Estate Group in

its unlabeled, uncategorized document production.  Plaintiff is unable to ascertain the individuals

Defendant intended to so identify because of its failure to comply with FRCP 34(b).

Plaintiff asserts that he was treated disparately, as the only African American at the

Director level.  Plaintiff, of course, can best prove that he was the only African American at the

Director level and demonstrate that he was treated less favorably than non African American's

similarly situated in terms of race and compensation (which was often tied to performance

ratings) with information reflecting the individuals encumbering such positions and the

information sought by the Interrogatory.  Plaintiff requests that the Defendant be compelled to

provide the requested information.

**INTERROGATORY NO. 9:** *Identify all individuals interviewed by Mark Gorman for any positions directly or indirectly reporting up to Mark Gorman between January 1, 2010 and the present, providing the race of the individual and whether the individual was hired or not and the reason for hiring or not hiring the individual.*

**REQUEST NO 17:** *All Documents pertaining or related to Defendant's hiring practices, policies or procedures.*

Defendant objects to providing the information requested on the basis of relevance.

Although Defendant refused to identify facts supporting its defenses, it has intimated that it will

contend that Mark Gorman and Ciena Corp. could not have discriminated against Plaintiff

because Mr. Gorman hired Plaintiff.  Notwithstanding, Defendant refuses to provide any

information concerning its hiring practices and policies.  Plaintiff is entitled to discover the

hiring process and adduce evidence illustrating that his hire was not Mr. Gorman's sole decision

and that Mr. Gorman did not hire other African Americans during his tenure, albeit with the

limitation to the time period beginning January 2010. Plaintiff requests that the Defendant be

compelled to provide the requested information.

**INTERROGATORY NO. 12:** *Identify each fact witness that you intend to call at trial, and state the substance of his/her anticipated testimony.*

Defendant objects to providing the information on the basis of the attorney-work product

privilege.  While Defendant has an obligation to supplement and finalize a witness list as

required by the Court's PreTrial Order, Plaintiff is entitled to discover information from

individuals Defendant intends to utilize in support of any of its defenses at trial during the period

of discovery.  Plaintiff requests that the Defendant be compelled to provide the requested

information.

**INTERROGATORY NO. 13:** *Describe, in detail, every event, circumstance or fact supporting or otherwise related to any defense you have or attend to assert or for which you intend to rebut any of Plaintiff's claim and identify any and all persons with knowledge of such events, circumstances or facts.*

**REQUEST NO 2:** *All Documents relating or pertaining to any discoverable information within the knowledge of those persons identified in your Answers to the Interrogatories as having discoverable information that tends to support a position that you have taken or intend to take in this Lawsuit, including any defense to any of the Plaintiff's claims.*

Defendant objects contending that the facts supporting its defenses, as enumerated in its

Answer and otherwise, are protected by the attorney-work product doctrine.  This objection and

refusal to relent, is likely the most astounding.  FRCP 26 permits a party to obtain information

"that is relevant to any party's claim or *defense* and proportional to the needs of the case."

(emphasis added).  The Defendant has neither identified the information withheld on its privilege

log or met the standard for protecting information from disclosure pursuant to the attorney-work

product privilege.  Defendant objects to the companion request for documents as overly broad.  It

goes without saying that Plaintiff must have the opportunity to discover facts concerning

Defendant defenses as there is a substantial need for information supporting defenses asserted

and Plaintiff has no other means to obtain the information.  Plaintiff requests that the Court

compel Defendant to produce the information, or alternatively, preclude Defendant from

proffering any testimony or evidence in support of any defense pursuant to FRCP 37.

**INTERROGATORY 18:** *Identify by name, race, title and job duties/functions, any and all individuals directly or indirectly supervised by Mark Bains and for each individual, state the chain of command from such individual's position to Mark Bains.*

Defendants refuse to provide the information requested because the Interrogatory

inadvertently reads "Mark" Bains instead of David Bains.  Plaintiff clarified that the

Interrogatory pertains to David Bains and Defendant still refuses to provide the requested

information.  Given that Plaintiff asserts that his comparator, David Bains, was treated more

favorably in terms of support and resources, to include a reporting staff, Plaintiff is entitled to the

information.  Plaintiff requests that the Court compel Defendant to provide the requested

information.

**INTERROGATORY 21:** *Identify and describe all steps Defendant took to preserve relevant documents and describe any documents which have been lost or destroyed.*

Defendant initially refused to provide information, but on March 14, 2017, Defendant

partially responded to the Interrogatory.  Defendant referenced a list of individuals for whom it

instructed to maintain potentially relevant records.  Defendant, however, refused to disclose their

identities, claiming privilege, but failing to identify this list on its privilege log, and failed to describe the steps taken to secure relevant information from these individuals.  Plaintiff requests that the Court compel Defendant to disclose the identity of individuals with relevant information, as their identities are not privileged, and sufficiently describe the steps taken to secure information.

**REQUEST NO. 24:** *All Documents pertaining to cost or budget overruns on any project managed by Mark Gorman or for which Mark Gorman had supervisory duties or responsibilities, including any projects in which Mark Gorman and Plaintiff both worked.*

Defendant objects to the request as overbroad and generally states that "documents have already been produced," though failing to identify specific documents in response to the request. Plaintiff contends that Mr. Gorman performed poorly in his role and was the cause for a number of budget runs on projects he worked, including those with Plaintiff.  Despite Mr. Gorman's poor performance and Defendant's knowledge thereof, Defendant placed the blame on Plaintiff and terminated him for this false reason or pretext.  Although Defendant's objection to the overbroad nature inherently acknowledges that Mr. Gorman managed a number of projects with budget and cost overruns, Defendant fails to identify the projects or otherwise provide information which suggests that the request is overbroad or unduly burdensome.  Moreover, the request is not phrased so as to capture all documents relating to any project worked on by Mr. Gorman, as Defendant's objection sophistically suggests, but only those documents pertaining to the cost or budget overruns.  Plaintiff requests that the Court compel Defendant to provide the information.

**REQUEST NO 25:** *All written performance appraisals or ratings for any individual supervised by Mark Gorman during Plaintiff's tenure with Ciena.*

Defendant contends, ostensibly, that the request seeks information which is not relevant.

Plaintiff claims that he did not have a staff to manage or supervise and that those identified as his subordinates by Defendant, were in truth Mr. Gorman's subordinates and individuals upon whom Plaintiff could not rely.  The performance appraisals completed by Mr. Gorman, at a minimum, are evidence of Mr. Gorman's ambit of supervision.  Moreover, the ratings are evidence that similarly situated employees were treated more favorably than Plaintiff in terms of ratings, which in turn leads to compensation.  Plaintiff requests that the Court compel Defendant to provide the information.

## VI.   PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR DOCUMENTS TO MARK GORMAN

*INTERROGATORY NO. 1: Please describe in detail your complete employment history and with respect to every employer, please state*
*a. The name, addresses, and phone numbers of your supervisor and human resource contact*
*b. Dates of employment*
*c. The reason you are no longer employed with the employer*
*d. Whether there were any claims (regardless of form) made against you by other employee.*
*e. Whether any prior employer took any corrective action against you, including but not limited to, reprimanded, suspension, termination, denied a promotion, mandated additional training.*

*INTERROGATORY NO. 2: Please state the reasons that you have separated from any prior employer in the ten years prior to your employment with Ciena.*

*REQUEST NO 6:*
*All Documents, electronic records or other tangible things relating or pertaining to your prior employment history, including, but not limited to, experience, qualifications, education, training, including training relating to employee relations and prohibited acts of discrimination.*

Defendant refuses to produce any information beyond a disclaimer that Mr. Gorman was not separate from any employer as a result of discrimination allegations.  The request is not so limited.  Plaintiff is aware of allegations of discrimination against Mr. Gorman at prior employment and suspects he may have separated involuntarily from that employment as a result

of those allegations.  Plaintiff is entitled to fully explore Mr. Gorman's prior employment history

without the limitations imposed by Defendant, to include allegations and complaints of

discrimination or harassment, notwithstanding Mr. Gorman's reasons for separating from a

particular employer.  Moreover, terminations are not always cast in the direct terms Mr. Gorman

suggests.  Plaintiff requests that the Court compel Defendant to provide the information

requested.

*INTERROGATORY NO. 3: Identify all individuals interviewed by you for any positions directly
or indirectly reporting up to you during the course of your employment with the Defendant Ciena
Corporation. For all individuals, please provide the following:
a. The name, addresses, and phone numbers of the individual
b. Dates of birth
c. Their race, gender, ethnicity
d. Whether the individual was hired or not and the reason for hiring or not hiring the individual.
e. The experience and qualifications of all the individuals.*

Defendant objects to the Interrogatory on the grounds of relevance and burden.  The

Interrogatory pertains to Plaintiff's allegations concerning Ciena's discriminatory failure to

provide resources and Mr. Gorman's obstruction in this regard as well as elicit information

concerning the ostensible defense concerning Mr. Gorman's inability to discriminate against

Plaintiff.   Plaintiff requests that the Court compel Defendant to provide the information

requested.

*INTERROGATORY NO. 8: Identify any individual with whom you have spoken to about
Plaintiff's employment or performance while an employee of Ciena, including the reason for the
communication and a description of the communication, conversation or discussion.*

In its March 14, 2017 supplement, Defendant agreed and identified individuals with

whom Defendant spoke regarding Plaintiff's termination.  Defendant failed to provide the details

concerning the communications as requested in the Interrogatory and should be compelled to do

so.  Additionally, given Defendant's claims concerning hiring, Defendant should be compelled to provide information concerning communications surrounding Plaintiff's hire.  Defendant claims both that Plaintiff quit, but was terminated for poor performance.  To the latter could be true, Plaintiff is entitled to discover information concerning his ostensible poor performance, including the information requested concerning communications in which Mr. Gorman engaged. Plaintiff is also entitled to information concerning Defendant's communications regarding Plaintiff's compensation, his performance appraisals, his complaints against Mr. Gorman, the issues concerning resources, staffing and subordinates, and the Capstan and San Jose projects. Plaintiff requests that Defendant be compelled to provide this information..

**INTERROGATORY NO. 9:** *Describe, in detail, every event or circumstance that you allege rebuts any of the claims of the Complaint against you. Your response should include the substance of what occurred (including identification of involved persons and their roles), the date, time, and location of the event or circumstances and identity of the persons who witnessed the event or occurrence.*

**INTERROGATORY NO. 10:** *State the precise facts and documents upon which you base each and every one of your defenses and the identity of any individuals who has knowledge of those facts.*

As was the case with Interrogatory #13 and Request #2 to Defendant, Ciena, Defendant refuses to answer on the grounds of privilege.  Plaintiff is entitled to the information for the reasons enumerated above at Section V and seeks an Order compelling Defendant to provide the information or alternatively, an order precluding Defendant from proffering any testimony or evidence in support of his defenses pursuant to FRCP 37.

**INTERROGATORY 14:** *Identify and describe all steps you took to preserve relevant documents and describe any documents which have been lost or destroyed.*

Defendant asserts the same objections as those asserted in response to Interrogatory #21

to Ciena.  Please see Plaintiff's argument in Section V, *supra*.

**REQUEST NO 3:**
*Complete copy of your personnel file.*

**REQUEST NO 8.**
*Your federal and State tax returns for the last five (5) years.*

Plaintiff agreed to limit the scope of the request to performance ratings or appraisals, information concerning Mr. Gorman's compensation, disciplinary information and documents evincing Mr. Gorman's work history with Ciena and prior history.  Defendant agreed to produce information concerning Mr. Gorman's performance ratings and Mr. Gorman's disciplinary record (although unclear that such have been produced).  Plaintiff is entitled to information concerning Mr. Gorman's compensation to demonstrate that his compensation, despite his performance failings on the Project Capstan and the San Jose project, was not diminished as Plaintiff's, who was not responsible for the performance failings.   The history of his compensation for the relevant period is necessary to demonstrate as much.  Plaintiff seeks Mr. Gorman's tax returns to confirm his total compensation for the relevant years. Mr. Gorman's work history is relevant for the reasons indicated above.  Plaintiff requests an Order compelling Defendant to provide the requested documents.

## VII.    DOCUMENT REQUESTS IN CONJUNCTION WITH THE 30(b)(6) NOTICE OF DEPOSITION

*Request #1:* *Any and all documents reflecting the racial demographics of headquarters, the Corporate Real Estate Division and the departments of Plaintiff and David Bains from January 2011 to December 2014.*

*Request #2:* *Any and all documents reflecting the racial demographics of Directors within Defendant between January 2011 and December 2014.*

Defendant's objections, which were similarly boilerplate, pertain to those outlined in

Defendant's responses to Interrogatories #8, 9 and Requests #16, 17, 23.  Please see arguments at

Section V, *supra*.

**Request #6:** *Any and all documents relating to expenditure approvals and budget overruns on Project Capstan and the San Jose projects.*

Defendant's objections and Plaintiff's argument as reflected in connection with

Interrogatory #24 to Defendant at Section V, *supra*.

## VIII.   REQUEST FOR REASONABLE ATTORNEY FEES AND EXPENSES

Pursuant to FRCP 37 and because Defendant's objections are not substantially justified,

Plaintiff requests reimbursement of the reasonable attorney's fees and expenses associated with

the prosecution of this Motion.

## IX.    CONCLUSION

Defendants' objections are without merit.  Instead, the objections and refusals to

cooperate in discovery have been calculated to delay and obstruct the discovery process.  The

FRCP permit discovery of nonprivileged information on any topic relevant to Plaintiff's claims

and Defendants' defenses.  Plaintiff respectfully requests that the Court compel Defendants to

provide full and complete responses to the written discovery enumerated herein and/or preclude

Defendants from proffering any evidence or testimony in support of any defense.

Respectfully submitted:


_____

Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20002
(202) 248-5040 (office)
(301) 542-0032 (facsimile)
egaines@browngaines.com

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing __ was sent this __ day of _____, 2017, via electronic mail and U.S. mail, first class, postage prepaid, to the following:

Stanley Brown
George Ingham
Hogan Lovells US LLP

  7930 Jones Branch Dr.,
 9th Floor
 McLean, VA 22102
stanley.brown@hoganlovells.com
george.ingham@hoganlovells.com


_____

Eden Brown Gaines