Exhibit A
PL Motion to Compel

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### Baltimore Division

WILLIAM PARKER            :

    Plaintiff,            :

    v.            :       Case No. 1:14-cv-04036-GLR

                :

CIENA CORPORATION            :

    and            :

MARK GORMAN            :

    Defendants.            :

## DEFENDANT MARK GORMAN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Mark Gorman ("Defendant" or "Mr. Gorman"), by and through his undersigned attorneys, hereby submits the following Responses and Objections (the "Responses") to Plaintiff's First Interrogatories ("Interrogatories") and Requests for Production of Documents to Defendant Mark Gorman ("RFPs") (collectively, the "Requests").

## PRELIMINARY STATEMENTS

1.    These Responses are made on the basis of information that is presently known and available to Defendant. Investigation and discovery is ongoing. The Responses set forth herein are given without prejudice to Defendant's right to provide subsequently relevant information or to add, modify, or otherwise change or amend the responses made herein. The information contained in these Responses is also subject to correction for omissions or errors. These Responses are

\\NY - 066299/000165 - 7262506 v4

interpreted in light of the issues framed in the pleadings in this litigation. If Plaintiff subsequently asserts an interpretation of any individual Request that differs from Defendant's understanding, Defendant reserves the right to supplement its responses and/or objections herein.

2.     Defendant's Responses are made without in any way waiving:

a.     All rights to object to the Requests, the Responses thereto, or subject matter thereof as to the competency, relevancy, materiality, privilege and admissibility of evidence for any purpose, in any proceeding in, or at the trial of, this or any other action;

b.     The right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or

c.     The right to object on any ground at any time to interrogatories, requests for production, or other discovery procedures involving or relating to the subject matter of the Requests.

3.     For the sake of convenience and avoiding duplication of identical documents, documents produced by Defendant Mark Gorman in connection with these Responses have been bates labeled and produced together with those documents being produced by Defendant Ciena Corporation ("Ciena") in response to RFPs and Interrogatories that were served on Ciena.

4.     Per an agreement between counsel for Plaintiff and Defendant, Defendant is presently serving only objections to the Requests at this time. Defendant will serve substantive responses and provide documents on February 21, 2017, as agreed to by the parties. To the extent that Defendant discovers additional objections to the Requests in the process of producing and finalizing its subsequent Responses, Defendant reserves the right to assert additional objections.

## GENERAL OBJECTIONS

2

1.      These General Objections are applicable to and are incorporated into each of Defendant's Responses as if specifically and fully set forth therein, and the Responses are made subject to and without waiving these General Objections.  Stating specific objections and/or a response to a particular Request does not in any way waive any of these General Objections.

2.      Defendant objects to the Interrogatories to the extent they would require Defendant to produce documents or information containing confidential or proprietary information (including trade secret information), or information that violates the privacy rights of Defendant or any third party.

3.      Defendant objects to Requests to the extent they purport to require Defendant to provide information that is privileged or otherwise protected from discovery, including but not limited to information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense privilege.  The inadvertent disclosure of such privileged information shall not constitute a general or specific waiver of any privilege and shall not preclude Defendant from objecting to disclosure on any other basis.

4.      Defendant objects to the Requests to the extent they purport to impose obligations that are in excess of, and/or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.

5.      Defendant objects to producing documents that have already been produced in discovery by Plaintiff or any party.

6.      Defendant objects to any Request seeking information outside of the time period when Plaintiff worked for Ciena.

7.      Defendant objects to each Request to the extent it requires Defendant to create documents that do not presently exist.

3

\\NY - 066299/000165 - 7262506 v4

8.      Defendant objects to the Requests to the extent they are interposed for any improper purpose, such as to harass the Defendant.

9.      Defendant objects to the overbroad definition of the word "Complaint."

10.     Defendant objects to the definition of the word "Interrogatories" given that the definition refers to both Interrogatories and RFPs. Defendant will interpret the word "Interrogatories" to refer only to actual Interrogatories and not RFPs.

11.     Defendant objects to Instruction #1 as unintelligible (in particular, the language "and as fully as State the name . . ."). Further, Defendant objects that the instruction to provide the information requested in Instruction #1 with respect to each Interrogatory or RFP is effectively imposing an additional distinct and separate Interrogatory with respect to each Interrogatory or RFP, and therefore is unduly burdensome and disproportionate and violates the Federal Rules of Civil Procedure.

12.     Plaintiff has not requested that ESI be produced in a particular format. Therefore, pursuant to Federal Rule of Civil Procedure 34(b), Defendant will produce ESI in bates-labeled PDF form. To the extent that Plaintiff subsequently demands that ESI be produced in a particular format, Defendant raises the right to raise an appropriate objection at that time.

Subject to the Preliminary Statements and General Objections, both of which are incorporated into each of the following Responses, Defendant further responds to each Request as follows:

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please describe in detail your complete employment history and with respect to every employer, please state

4

\\NY - 066289/000165 - 7262506 v4

a.     The name, addresses, and phone numbers of your supervisor and human resource contact
b.     Dates of employment
c.     The reason you are no longer employed with the employer
d.     Whether there were any claims (regardless of form) made against you by other employee.
e.     Whether any prior employer took any corrective action against you, including but not limited to, reprimanded, suspension, termination, denied a promotion, mandated additional training.

## RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in this lawsuit, and violates the privacy rights of Defendant and third parties. Defendant objects that this Interrogatory is overly broad and unduly burdensome and disproportionate in light of the nature of this case and the limited recovery available to Plaintiff. Defendant objects to the vague nature of the term "human resource contact." Defendant objects to the vague nature of the phrase "claims (regardless of form) made against you by other employee [sic]" and interprets this as asking whether a formal discrimination complaint was filed against Defendant.

## INTERROGATORY NO. 2:  Please state the reasons that you have separated from any prior employer in the ten years prior to your employment with Ciena.

## RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in this lawsuit, and violates the privacy rights of Defendant and third parties. Defendant objects that this Interrogatory is overly broad.

5

**INTERROGATORY NO. 3:** Identify all individuals interviewed by you for any positions directly or indirectly reporting up to you during the course of your employment with the Defendant Ciena Corporation. For all individuals, please provide the following:

      a.     The name, addresses, and phone numbers of the individual

      b.     Dates of birth

      c.     Their race, gender, ethnicity

      d.     Whether the individual was hired or not and the reason for hiring or not hiring the individual.

      e.     The experience and qualifications of all the individuals.

**RESPONSE TO INTERROGATORY NO. 3:**

      Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and unduly burdensome and disproportionate in light of the nature of this case and the limited recovery available to Plaintiff in that it asks for Defendant to provide information on all persons who were even interviewed by him over a time period of nearly seven years. Defendant objects because this request seeks information not relevant to the claims or defenses in this lawsuit. Defendant further objects to this Interrogatory on the grounds that the phrase, "reason for hiring or not hiring" is vague.

**INTERROGATORY NO. 4:** State whether you were required by Defendant Ciena Corporation to receive any training in connection with issues, including, but not limited to, employee relations, discrimination (e.g., race, age and gender discrimination), retaliation, sexual harassment, hostile work environment and project management. If so, please provide a description of the training and the dates of the training.

**RESPONSE TO INTERROGATORY NO. 4:**

      Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and the term "training in connection with issues" is vague. Defendant interprets this Interrogatory as requesting whether, during his employment at Ciena, Defendant was required to take formal training regarding the topics of employee relations, discrimination, retaliation, sexual

\\NY - 066299/000165 - 7262506 v4

harassment, hostile work environment, or project management.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has been required to receive training on various topics from time to time. Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the training records being produced with these Responses.

**INTERROGATORY NO. 5:** Please describe in detail your performance appraisals and/or ratings with Defendant Ciena Corporation.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and seeks information not relevant to the claims or defenses in this lawsuit. Defendant further objects on the basis that the phrase, "describe in detail your performance appraisals and/or ratings" is vague and interprets this Interrogatory as requesting information regarding Defendant's performance reviews.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to Defendant's performance reviews being produced with these Responses.

**INTERROGATORY NO. 6:** Has any person ever alleged that you ever discriminated against another person based for any reason, including but not limited to, race, gender, age, ethnicity and disability. If so, please state

   a.   The name, addresses, and phone numbers of the person(s) making the claim
   b.   A detailed description of the nature and the allegations of the claims
   c.   Whether there was an investigation or any finding of supporting the claims against you
   d.   How the claim was resolved

\\NY - 066299/000165 - 7262506 v4

    e.      Whether any corrective action was taken against you, including but not limited to, reprimanded, suspension, termination, denied a promotion, mandated additional training.

## RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this Interrogatory as overbroad in that it seeks information on whether *any* person has ever made *any* allegation of discrimination (on the basis of *any* characteristic) in *any* context. Defendant objects that this Interrogatory seeks information that is not relevant to the subject matter of this litigation, as this is a race discrimination case, and does not involve any allegation of discrimination on the basis of other protected characteristics. Defendant will interpret this Interrogatory as requesting whether any individual has filed an internal or external complaint of race discrimination against Defendant in the context of employment. Defendant further interprets this Interrogatory as not requesting information regarding Plaintiff's action.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Yes.

    a)      Unknown

    b)      Approximately nineteen years ago, while I was employed by Nortel Networks, an anonymous complaint was made via Nortel's ethics line stating that I discriminated against African American employees in Nortel's Real Estate organization in Research Triangle Park, North Carolina, where I served as Senior Manager of Real Estate & Facilities. At the time of the complaint, I was the most senior Real Estate person in Research Triangle Park and the region's leader.

    c)      Nortel's HR organization investigated the claim and determined it was without

8

merit.

      d)      See response above.

      e)      None.

**INTERROGATORY NO. 7:** Have you ever made or sent any communication with any jokes, comments, or communications that have included any racial overtones or racial stereotypes. If so, please describe in detail each instance, including the substance of the communication, the date of the communications, medium of communication (e.g., email, verbal, written) and the names and addresses of the intended recipients of the communication.

**RESPONSE TO INTERROGATORY NO. 7:**

      Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and seeks information not relevant to the claims or defenses in this lawsuit. Defendant further objects on the basis that the phrase, "jokes, comments or communications that have included any racial overtones or racial stereotypes" is vague and subject to personal interpretation. Defendant interprets this Interrogatory as asking whether he has ever made any jokes with intentional racial overtones or racial stereotypes.

      Subject to and without waiving the foregoing objections, Defendant responds as follows: No.

**INTERROGATORY NO. 8:** Identify any individual with whom you have spoken to about Plaintiff's employment or performance while an employee of Ciena, including the reason for the communication and a description of the communication, conversation or discussion.

**RESPONSE TO INTERROGATORY NO. 8:**

      Defendant objects to this Interrogatory on the ground that it is overly broad and unduly burdensome and disproportionate because, read literally, it requires Defendant to identify every

\\WV - 066289/000165 - 7262506 v4

individual to whom he ever had a conversation with or spoke with regarding Plaintiff and to

describe every single such communication or conversation . Defendant further objects to the

extent that the Request seeks information protected by the attorney-client privilege, work

product doctrine, or related protections.

**INTERROGATORY NO. 9:**  Describe, in detail, every event or circumstance that you allege
rebuts any of the claims of the Complaint against you. Your response should include the
substance of what occurred (including identification of involved persons and their roles), the
date, time, and location of the event or circumstances and identity of the persons who witnessed
the event or occurrence.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and work product doctrine, and any related protection. Defendant further

objects that this Interrogatory is unduly burdensome and disproportionate in that it demands a

detailed description of "every event or circumstance that rebuts any of the claims of the Complaint

against you." Defendant objects to the vague nature of the term "claims," in part due to the fact

that the Amended Complaint in this case alleges only one claim.

**INTERROGATORY NO. 10:**  State the precise facts and documents upon which you base each
and every one of your defenses and the identity of any individuals who has knowledge of those
facts.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and work product doctrine, and any related protection. Defendant further

objects that this Interrogatory is unduly burdensome and disproportionate in that it demands a

detailed description of "every one of your defenses" and the "identity of any individuals who has

10

[sic] knowledge of those facts."

**INTERROGATORY NO. 11:** Have you or someone acting on your behalf obtained a written or recorded statement relating to the allegations in the Complaint. If so, state the names, addresses and phone numbers of all persons from whom a written, signed or recorded statement was obtained by you and the date of any such statements were obtained.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the basis that it seeks information or documents

protected by the attorney-client privilege or the work product doctrine or any other protection.

Defendant objects that the term "statement" is vague.

**INTERROGATORY NO. 12:** Identify all persons who assisted you in the preparation of the answers to these Interrogatories and all sources of information, including any documents, consulted or referred to in the preparation of these answers.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory on the basis that it seeks information or

documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: No one, other than counsel.

**INTERROGATORY NO. 13:** Except for this lawsuit, in the past ten (10) years has any person filed a civil action against you? If so, for each civil action:
   a.    State the name, address and phone number of each person who filed an action;
   b.    State the court, names of the parties, and case number of the civil action;
   c.    State the name, address, and phone number of any attorney representing you; and
   d.    State whether the civil action has been resolved or is pending.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory on the ground that it seeks information that is

available to Plaintiff in the public domain. Defendant objects that this Interrogatory seeks

11

information not relevant to the claims or defenses in this lawsuit. Defendant objects that this Interrogatory invades the privacy rights of Defendant and third parties. Defendant objects to this Interrogatory because it seeks information protected by the attorney client privilege, the work product doctrine, and other protections.

Subject to and without waiving the foregoing objections, Defendant responds as follows: No.

**INTERROGATORY 14:** Identify and describe all steps you took to preserve relevant documents and describe any documents which have been lost or destroyed.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this Interrogatory because it seeks information protected by the attorney client privilege, the work product doctrine, and other protections. Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in this lawsuit.

**INTERROGATORY 15:** Describe your role or participation in the decision to separate Plaintiff from his employment with Ciena.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory on the grounds that the phrase, "decision to separate Plaintiff from his employment with Ciena" is vague and ambiguous. Defendant will interpret this Interrogatory as asking whether and to what extent Defendant was involved in the decision to end Plaintiff's employment.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff informed Defendant that he wanted to leave Ciena in June of 2013. Plaintiff's

12

departure in July 2013 was therefore voluntary.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO 1:** All Documents, electronic records or other tangible things identified in your Answers to the Interrogatories served upon you by the Plaintiff in this Lawsuit.

**RESPONSE TO REQUEST NO 1:**

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant will produce non-privileged, documents responsive to this RFP in his possession, custody, or control.

**REQUEST NO 2:** All Documents, electronic records or other tangible things related to or pertaining to any defense, whether negative or affirmative, that you may have or intend to assert against any of the claims filed against you by the Plaintiff in this Lawsuit.

**RESPONSE TO REQUEST NO 2:**

Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome and disproportionate, and Defendant can conceive of no outer limit of the breadth of documents sought by this request. Defendant further objects that this Request seeks information or documents protected by the attorney-client privilege or attorney work product doctrine. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 3:** Complete copy of your personnel file.

**RESPONSE TO REQUEST NO 3:**

Defendant objects to this Request on the grounds that it is overly broad and seeks

13

\\NY - 066299/000165 - 7262506 v4

information or documents not relevant to the claims or defense in this lawsuit. Defendant further

objects to the extent that the Request seeks confidential personal information that is protected by

privacy rights.

**REQUEST NO 4:** All Documents relating to your performance at Defendant, Ciena Corporation.

**RESPONSE TO REQUEST NO 4:**

Defendant objects to this Request on the ground that the phrase "documents relating to

your performance" is vague and overly broad. Subject to and without waiving the foregoing

objections, Defendant interprets "documents relating to your performance" to mean formal

performance reviews. Defendant objects to producing any documents already produced by

Plaintiff or any party in this action. Subject to and without waiving the foregoing objections,

Defendant responds as follows: Defendant will produce non-privileged, documents responsive

to this RFP in his possession, custody, or control.

**REQUEST NO 5:** All Documents relating to your performance on any project that you managed
or supervised during your employment with Ciena and/or any benchmarks unsatisfied (e.g. budget
shortfalls or overruns) during your tenure with Ciena.

**RESPONSE TO REQUEST NO 5:**

Defendant objects to the vague nature of the terms "project" and "benchmark." Defendant

objects to this Request on the ground that it is duplicative of the previous Request and seeks

information and documents not relevant to the claims or defenses in this lawsuit. Defendant

objects to producing any documents already produced by Plaintiff or any party in this action.

Defendant interprets this Request as seeking formal performance reviews. Subject to and

without waiving the foregoing objections, Defendant responds as follows: Defendant will

14

produce non-privileged, documents responsive to this RFP in his possession, custody, or

control.

**REQUEST NO 6:** All Documents, electronic records or other tangible things relating or
pertaining to your prior employment history, including, but not limited to, experience,
qualifications, education, training, including training relating to employee relations and prohibited
acts of discrimination.

**RESPONSE TO REQUEST NO 6:**

Defendant objects to this Request on the ground that it is overly broad and seeks

information and documents not relevant to the claims or defense in this lawsuit.  Defendant objects

to this Request on the ground that it invades the privacy rights of Defendant and third parties.

Defendant objects on the basis that this Request is harassing. Defendant objects to producing any

documents already produced by Plaintiff or any party in this action.

**REQUEST NO 7:** A copy of your resume.

**RESPONSE TO REQUEST NO 7:**

Defendant objects to this Request on the ground that it seeks information and documents

not relevant to the claims or defense in this lawsuit.  Subject to and without waiving the

foregoing objections, Defendant responds as follows: Defendant will produce non-privileged,

documents responsive to this RFP in his possession, custody, or control.

**REQUEST NO 8.** Your federal and State tax returns for the last five (5) years

**RESPONSE TO REQUEST NO 8:**

Defendant objects to this Request on the ground that it is overly broad and seeks

15

\\NY - 066289/000165 - 7262506 v4

information and documents not relevant to the claims or defense in this lawsuit. Defendant objects to this Request on the ground that it invades the privacy rights of Defendant and third parties. Defendant objects on the basis that this Request is harassing.

16

Dated: Washington, D.C.
February 21, 2017

HOGAN LOVELLS US LLP
By: /s/ George W. Ingham
Stanley J. Brown (D. Md. Bar No.
8205010043)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
stanley.brown@hoganlovells.com

George W. Ingham (*admitted pro hac vice*,
Bar No. 803120)
HOGAN LOVELLS US LLP
7930 Jones Branch Dr., 9th Floor
McLean, VA 22102
Tel: (703) 610-6286
Fax: (703) 610-6200
george.ingham@hoganlovells.com

*Attorneys for Defendant*

TO:    Eden Brown Gaines
       Brown Gaines, LLC
       840 First Street, NE
       3rd Floor
       Washington, DC 20005
       202-370-7543 (office)
       301-542-0032 (facsimile)
       egaines@browngaines.com

17

## VERIFICATION OF INTERROGATORY RESPONSES

I, Mark Gorman, state that I have read the foregoing Interrogatories and my answers to same, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this _20_ day of _FEBRUARY_ 20 _17_.

_____
Signature

18

## CERTIFICATE OF SERVICE

I, George Ingham, certify that a copy of the foregoing was served via electronic mail this 21st day of February, 2017 upon the following:

*and U.S. mail [signature]*

Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20005
egaines@browngaines.com

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

WILLIAM PARKER               :

    Plaintiff,             :

    v.                 :       Case No. 1:14-cv-04036-GLR

CIENA CORPORATION     :

    and              :

MARK GORMAN          :

    Defendants.       :

## DEFENDANT CIENA CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ciena Corporation ("Defendant" or "Ciena"), by and through its undersigned attorneys, hereby submits the following Responses and Objections (the "Responses") to Plaintiff's First Interrogatories ("Interrogatories") and Requests for Production of Documents to Defendants ("RFPs") (collectively, the "Requests").

## PRELIMINARY STATEMENTS

1.    These Responses are made on the basis of information that is presently known and available to Defendant. Investigation and discovery is ongoing. The Responses set forth herein are given without prejudice to Defendant's right to provide subsequently relevant information or to add, modify, or otherwise change or amend the responses made herein.  The information

\\NY - 066298/000165 - 7305346 v3

contained in these Responses is also subject to correction for omissions or errors. These Responses are interpreted in light of the issues framed in the pleadings in this litigation. If Plaintiff subsequently asserts an interpretation of any individual Request that differs from Defendant's understanding, Defendant reserves the right to supplement its responses and/or objections herein.

2.      Defendant's Responses are made without in any way waiving:

      a.      All rights to object to the Requests, the Responses thereto, or subject matter thereof as to the competency, relevancy, materiality, privilege and admissibility of evidence for any purpose, in any proceeding in, or at the trial of, this or any other action;

      b.      The right to object on any ground to the use of these Responses, or the subject matter thereof, in any proceeding in, or at the trial of, this or any other action; or

      c.      The right to object on any ground at any time to interrogatories, requests for production, or other discovery procedures involving or relating to the subject matter of the Requests.

3.      For the sake of convenience and avoiding duplication of identical documents, documents produced by Defendant Ciena in connection with these Responses have been bates labeled and produced together with those documents being produced by Defendant Mark Gorman ("Gorman") in response to RFPs and Interrogatories that were served on Gorman.

4.      Per an agreement between counsel for Plaintiff and Defendant, Defendant is presently serving only objections to the Requests at this time. Defendant will serve substantive responses and provide documents on February 21, 2017, as agreed to by the parties. To the extent that Defendant discovers additional objections to the Requests in the process of producing and finalizing its subsequent Responses, Defendant reserves the right to assert additional objections.

2

## GENERAL OBJECTIONS

1.     These General Objections are applicable to and are incorporated into each of Defendant's Responses as if specifically and fully set forth therein, and the Responses are made subject to and without waiving these General Objections.  Stating specific objections and/or a response to a particular Request does not in any way waive any of these General Objections.

2.     Defendant objects to the Interrogatories to the extent they would require Defendant to produce documents or information containing confidential or proprietary information (including trade secret information), or information that violates the privacy rights of Defendant or any third party.

3.     Defendant objects to Requests to the extent they purport to require Defendant to provide information that is privileged or otherwise protected from discovery, including but not limited to information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense privilege.  The inadvertent disclosure of such privileged information shall not constitute a general or specific waiver of any privilege and shall not preclude Defendant from objecting to disclosure on any other basis.

4.     Defendant objects to the Requests to the extent they purport to impose obligations that are in excess of, and/or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.

5.     Defendant objects to producing documents that have already been produced in discovery by Plaintiff or any party.

6.     Defendant objects to any Request seeking information outside of the time period when Plaintiff worked for Ciena.

\\NY - 066299/000165 - 7305346 v3

7.      Defendant objects to each Request to the extent it requires Defendant to create documents that do not presently exist.

8.      Defendant objects to the Requests to the extent they are interposed for any improper purpose, such as to harass the Defendant.

9.      Defendant objects to the overbroad definition of the word "Complaint."

10.      Defendant objects to the definition of the word "Interrogatories" given that the definition refers to both Interrogatories and RFPs. Defendant will interpret the word "Interrogatories" to refer only to actual Interrogatories and not RFPs.

11.      Defendant objects to Instruction #1 as unintelligible (in particular, the language "and as fully as State the name . . ."). Further, Defendant objects that the instruction to provide the information requested in Instruction #1 with respect to each Interrogatory or RFP is effectively imposing an additional distinct and separate Interrogatory with respect to each Interrogatory or RFP, and therefore is unduly burdensome and disproportionate and violates the Federal Rules of Civil Procedure.

12.      Plaintiff has not requested that ESI be produced in a particular format. Therefore, pursuant to Federal Rule of Civil Procedure 34(b), Defendant will produce ESI in bates-labeled PDF form. To the extent that Plaintiff subsequently demands that ESI be produced in a particular format, Defendant raises the right to raise an appropriate objection at that time.

Subject to the Preliminary Statements and General Objections, both of which are incorporated into each of the following Responses, Defendant further responds to each Request as follows:

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

4

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state the full name of any person answering or providing information in response to these Interrogatories and Requests for Production of Documents.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the basis that it seeks information or documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Mark Gorman and Sonya Bethea.

**INTERROGATORY NO. 2:** State Plaintiff's job description, describing Plaintiff's duties and responsibilities.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to Plaintiff's job description being produced with these Responses.

**INTERROGATORY NO. 3:** State the reasons for Plaintiff's separation from his employment with Defendant, Ciena.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that the phrase, "Plaintiff's separation from his employment with Defendant, Ciena" is vague. Defendant interprets this Interrogatory as requesting the reasons why Plaintiff is no longer employed by Ciena. Subject to and without waiving the foregoing objections, Defendant responds that Plaintiff chose to pursue a voluntary separation from Ciena after experiencing performance-related issues.

5

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff informed Defendant that he wanted to leave Ciena in June of 2013, and therefore left his position voluntarily. Furthermore, even if Plaintiff's departure could not be considered voluntary, Plaintiff had a history of well-documented performance problems which justified his termination (whether voluntary or involuntary).

**INTERROGATORY NO. 4:** Identify all employees of Defendant, Ciena performing duties which are similar to Plaintiff or with responsibilities similar to that of Plaintiff in any organization or department within Defendant, Ciena by name, race, and position title and for each individual, state their annual compensation including bonuses.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is unduly burdensome and disproportionate and overly broad in time and scope, as, ready literally, it is unlimited in scope and would require Defendant to provide information about thousands of employees across numerous departments and organizations globally. Defendant further objects on the grounds that the phrase, "performing duties which are similar to Plaintiff or with responsibilities similar to that of Plaintiff" is vague and ambiguous and, as stated in the prior sentence, appears to seek information on thousands of employees. Defendant interprets the phrase, "performing duties which are similar to Plaintiff or with responsibilities similar to that of Plaintiff" to apply to Ciena employees who were similarly situated to the Plaintiff for purposes relevant to the legal issues in this lawsuit.

Subject to and without waiving the foregoing objections, Defendant responds as follows: No employees were similarly situated to Plaintiff.

6

**INTERROGATORY NO. 5:** Identify any person hired after Plaintiff's separation who performed any or all of Plaintiff's duties and responsibilities by name, race and by providing a description of the duties performed.

## RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this Interrogatory on the grounds that the phrase, "any or all of

Plaintiff's duties and responsibilities" is vague and overly broad in scope. Defendant interprets

this Interrogatory as requesting the identification of any person who was hired after Plaintiff

left Ciena to perform a substantial number of the duties set forth in Plaintiff's job description.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: None.

**INTERROGATORY NO. 6:** Please identify any and all informal or formal reports, complaints, charges or investigations of race discrimination which have involved Defendant or Defendant Mark Gorman by the name of the complaining individual, the race of that individual, and the resolution of the complaint.

## RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this Interrogatory on the grounds that it seeks information that is

unduly burdensome and disproportionate and overly broad in time and scope, particularly for an

international company with thousands of employees. Defendant further objects on the grounds

that the terms "informal or formal reports, complaints, charges or investigations" and "which

have involved Defendant or Defendant Mark Gorman" are vague and seek information not

relevant to the claims or defenses in this lawsuit, such as allegations involving different

departments in different parts of the world. Defendant interprets this Interrogatory as asking

Defendant to identify any race discrimination complaints alleged against Defendant Gorman

during his time at Ciena. Defendant objects to this Interrogatory on the basis that it seeks

7

information or documents protected by the attorney-client privilege or the work product

doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: None.

**INTERROGATORY NO. 7:** State whether there are any facts that would support the
Plaintiff's termination that were first discovered after the termination. If so state the specific
facts.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the ground that the phrase, "facts that

would support the Plaintiff's termination" is vague and ambiguous. Defendant objects to

this Interrogatory on the basis that it seeks information or documents protected by the

attorney-client privilege or the work product doctrine.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: As Plaintiff admitted in his deposition, Plaintiff downloaded and copied

thousands of pages of Ciena's files onto his personal hard drive and in hard copy form, in

contravention of a confidentiality agreement signed by Plaintiff, as well as applicable

trade secret laws. The files include sensitive confidential and proprietary Ciena

information. Plaintiff admitted that he copied these files during his employment at Ciena.

Had Ciena learned of this conduct during Plaintiff's employment, it would have

terminated Plaintiff. Ciena is still investigating this conduct. During Plaintiff's

deposition, Plaintiff's counsel refused to allow Defendant's counsel to question Plaintiff

about this issue, in contravention of the Federal Rule of Civil Procedure Rule 30(c)(3).

**INTERROGATORY NO. 8:** Identify the names, addresses, dates of birth, date of hire, race,

8

positions held, experience, performance ratings, compensation (including increases) for all
individuals who have been employed by you as a Director or higher level between 2006 and the
present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory on the grounds that it is overbroad in time and

scope and seeks information not relevant to the claims or defenses in this lawsuit, as this

lawsuit relates to an allegedly discriminatory termination, not hiring, and only involves a

single department in Ciena. Defendant further objects to this Interrogatory in that it is unduly

burdensome and disproportionate and requires Defendant to compile responses across current

and historical human resources information systems. Defendant objects that this

Interrogatory violates the privacy rights of Defendant and third parties.

**INTERROGATORY NO. 9:** Identify all individuals interviewed by Mark Gorman for any
positions directly or indirectly reporting up to Mark Gorman between January 1, 2010 and the
present, providing the race of the individual and whether the individual was hired or not and
the reason for hiring or not hiring the individual.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the grounds that it is overbroad in scope and

unduly burdensome and disproportionate in light of the nature of this case and the limited

recovery available to Plaintiff in that it asks for Defendant to provide information on all persons

who were even interviewed by Gorman over a time period of nearly seven years. Defendant

objects because this request seeks information not relevant to the claims or defenses in this

lawsuit. Defendant further objects to this Interrogatory on the grounds that the phrase, "reason

for hiring or not hiring" is vague.

**INTERROGATORY NO. 10:** Identify any compensation or benefits (e.g., bonus, stock, cash,

9

401K, health benefits, etc.) to which Plaintiff would have been entitled, from the date of his termination to present, if the Plaintiff had not been terminated and remained in the same position. For each type of benefit or compensation, state the amount you would have paid to provide the benefit to the Plaintiff during this time period and the value of the benefit or compensation to the Plaintiff.

## RESPONSE TO INTERROGATORY NO. 10:

Defendant objects to this Interrogatory on the basis that the terms, "compensation and benefits" "to which Plaintiff would have been entitled" are vague and call for speculation as to Plaintiff's future job performance. Defendant objects to being asked to determine "the value of the benefit or compensation to the Plaintiff," as it is impossible for Defendant to know how much Plaintiff valued a particular benefit or compensation.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to Plaintiff's own offer letter, which Plaintiff has already produced in this case.

**INTERROGATORY NO. 11:** Identify each person, not already identified, who has personal knowledge of any facts relating to the issues, claims or asserted defenses in this lawsuit, and describe fully the knowledge each such person is believed to have, including, but not limited to, persons who witnessed any occurrences described in the Complaint.

## RESPONSE TO INTERROGATORY NO. 11:

Defendant objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and any related protection.

**INTERROGATORY NO. 12:** Identify each fact witness that you intend to call at trial, and state the substance of his/her anticipated testimony.

## RESPONSE TO INTERROGATORY NO. 12:

Defendant objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine and any related protection.

10

\\NY - 066299/000165 - 7305346 v3

Defendant objects to this Interrogatory as premature.

**INTERROGATORY NO. 13:**  Describe, in detail, every event, circumstance or fact supporting or otherwise related to any defense you have or attend to assert or for which you intend to rebut any of Plaintiff's claim and identify any and all persons with knowledge of such events, circumstances or facts.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and work product doctrine, and any related protection. Defendant further

objects that this Interrogatory is unduly burdensome and disproportionate in that it demands a

detailed description of "every event, circumstance or fact supporting or otherwise related to any

defense you have or intend to assert or for which you intend to rebut any of Plaintiff's claim."

**INTERROGATORY NO. 14:**  Please state all insurance policies that cover the allegations in the Complaint against Defendant and state the following:
   a.   Name and address of the insurance company;
   b.   The type of coverage;
   c.   The policy limits for each category of coverage;

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects because this Interrogatory seeks information not relevant to the

claims or defenses in this lawsuit.

Subject to and without waiving the foregoing objections, Defendant responds as

follows: None.

**INTERROGATORY NO. 15:**  Except for this lawsuit, in the past ten (10) years has any employee or former employee filed a civil action against the Defendant regarding his or her employment? If so, for each civil action:
   a.   State the name, address and phone number of each employee or former employee who filed an action;
   b.   State the court, names of the parties, and case number of the civil action;

11

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is unduly burdensome and disproportionate and overly broad in time and scope, particularly for an international company with thousands of employees. Defendant further objects on the grounds that the term "civil action" is vague. Defendant objects that this Interrogatory seeks information not relevant to the claims or defenses in this lawsuit, such as claims involving different departments in different parts of the world. Defendant interprets this Interrogatory as asking Defendant to identify any lawsuit against Ciena making allegations of race discrimination involving Gorman. Defendant objects to this Interrogatory on the basis that it seeks information or documents protected by the attorney-client privilege or the work product doctrine. Defendant further objects on the ground that the Interrogatory seeks information that is available to Plaintiff in the public domain.

Subject to and without waiving the foregoing objections, Defendant responds as follows: None.

**INTERROGATORY NO. 16:** Identify the position(s) encumbered by David Bains, including the title(s), duties and responsibilities of the position(s).

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects on the ground that the term "encumbered" is vague and ambiguous. Defendant interprets "encumbered" to mean "held." Defendant further interprets this Interrogatory as requesting only information about positions held by Mr. Bains during his employment at Ciena and not another employer.

Subject to and without waiving the foregoing objections, Defendant responds as

12

follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendant refers Plaintiff to the job descriptions entitled "Senior Director Global Facilities and Property Operations" and "Director Facilities & Property Management, EMEA/APAC," being produced with these Responses.

**INTERROGATORY 17:** Identify the compensation paid to David Bains, to include annual salary, bonuses, and fringe benefits for each year during the relevant period.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this request on the ground that it seeks personal information protected by United Kingdom and European Union regulations concerning data privacy. Defendant invites Plaintiff to meet and confer on the most efficient way to produce this information in a manner that complies with applicable privacy law, and requests that Plaintiff propose a method of doing so.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

David Bains received the following bonuses during the years Plaintiff worked at Ciena: 2012: 3,437.50 GBP, 2013: 6,160.00 GBP.

David Bains received the following base pay amounts during that time period: 2011: 110,000.04 GBP; 2012: 110,000.04 GBP; 2013: 120,665.54 GBP.

David Bains received the following fringe benefits during the years that Plaintiff worked at Ciena: annual car allowance of 9,000 GBP, RSU grant of 3,500 units, standard UK benefits.

13

**INTERROGATORY 18:** Identify by name, race, title and job duties/functions, any and all individuals directly or indirectly supervised by Mark Bains and for each individual, state the chain of command from such individual's position to Mark Bains.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this Interrogatory on the ground that the name "Mark Bains" is vague and ambiguous, as it is not clear whether Plaintiff meant to refer to Mark Gorman or David Bains.

**INTERROGATORY 19:** Identify by name, race, title and job duties/functions, any and all individuals directly or indirectly supervised by Plaintiff and for each individual, state the chain of command from such individual's position to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to this Interrogatory on the grounds that the terms "indirectly supervised," "job duties/functions," and "chain of command" are vague and ambiguous. Given the allegations of Plaintiff's Complaint, Defendant interprets this Interrogatory to ask for a list of Plaintiff's direct reports and their job titles.

Subject to and without waiving the foregoing objections, Defendant responds as follows: Plaintiff's formal direct reports were as follows:

- Vince Bocianowski, Manager, Facilities

- Bonnie Britt, Facilities Manager, Alpharetta

- Dean Carr, Senior Manager Facilities, Linthicum

- Carol Davis, Facilities Coordinator, Spokane

- George Hamra, Facilities Senior Associate, Carling

- Luc Marceau, Facilities Coordinator, Montreal

- David McGregor, Senior Facilities Manager, Linthicum

- LaCheyl Williams, Administrative Assistant, Linthicum

14

**INTERROGATORY 20:** Identify all individuals employed at the Director level or above by race.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 8 above, and Defendant incorporates all objections given in response to Interrogatory No. 8.

**INTERROGATORY 21:** Identify and describe all steps Defendant took to preserve relevant documents and describe any documents which have been lost of destroyed.

Defendant objects to this Interrogatory because it seeks information protected by the attorney client privilege, the work product doctrine, and other protections. Defendant objects to this Interrogatory on the grounds that it seeks information not relevant to the claims or defenses in this lawsuit.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO 1.** All Documents which are responsive to or reflective of your Answers to the Interrogatories.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this Request on the ground that the phrase "responsive or reflective of" is vague. Defendant interprets this Request as asking for all documents used in drafting Defendant's Responses to Plaintiff's Interrogatories.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

15

\\NY - 066299/000165 - 7305346 v3

**REQUEST NO 2.** All Documents relating or pertaining to any discoverable information within the knowledge of those persons identified in your Answers to the Interrogatories as having discoverable information that tends to support a position that you have taken or intend to take in this Lawsuit, including any defense to any of the Plaintiff's claims.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request on the ground that it is unintelligible. Defendant objects that this Request is unduly burdensome and disproportionate and overly broad in that it literally asks for information beyond that which is discoverable in this lawsuit. Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine or related protection. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 3.** All Documents related to or pertaining to any defense that you may have or intend to assert against any of the Plaintiff's.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this Request because it is vague and appears that the text of the Request is an unfinished sentence. Defendant objects that this Request is premature. Defendant objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine or related protection.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

16

**REQUEST NO 4:** The complete copy of Plaintiff's personnel file and any documents reflecting Plaintiff's compensation, fringe benefits and performance if maintained in files other than Plaintiff's personnel file.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this Request on the ground that the term "personnel file" and the phrase "documents reflecting Plaintiff's compensation, fringe benefits and performance" are vague. Defendant will interpret this Request as asking for the standard documents that make up Plaintiff's personnel file, including compensation and benefits documentation.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 5:** All Documents relating to or reflecting the organizational structure for the Defendant Ciena Corporation, including any organizational charts of the overall corporate structure as well as individual department or business units of the Defendant Ciena Corporation, including the department or business unit housing the Corporate Real Estate & Facilities group.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request on the ground that it is overly broad and unduly burdensome and disproportionate (particularly given that Ciena is an international company with organizational structures) and seeks information not relevant to the claims or defenses in this lawsuit. Subject to and without waiving the foregoing objections, Defendant interprets this Request as seeking all Corporate Real Estate & Facilities related organizational charts.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant

17

responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 6:**  All Documents relating to any person whom you expect to call as an expert witness at trial, including without limitation any report or statement of findings and opinions, and Documents that summarize the qualifications of said expert, and any Documents that state the terms of said expert's compensation, and any available list of publications authored by said expert.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it seeks information that is protected by the attorney-client privilege and work product doctrine.  Defendant objects to this Request because it is premature.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 7:**  Any insurance agreement under which any person might be liable to pay for any judgment or damages in this action.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects that this Request seeks information not relevant to any claims or defenses in this lawsuit. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 8:**  Any and all statements, whether draft or final form, obtained in relation to this litigation.

18

\\NY - 066299/000165 - 7305346.v3

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this Request on the grounds that it seeks information protected by the attorney-client privilege. Defendant further objects on the ground that the term "any and all statements . . . obtained in relation to this litigation is vague and overbroad in scope. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 9:** All Documents relating to the job postings on any jobs relating to any of Plaintiff's job function or a job with similar duties.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this Request on the grounds that it seeks information not relevant to the claims or defense in this lawsuit and is overbroad in scope. Defendant objects to the vague nature of the phrase "jobs relating to any of Plaintiff's job function or a job with similar duties." Defendant interprets this Request as seeking documents relating to job postings for Plaintiff's position with Ciena.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 10:** All Documents pertaining to any promotion awarded to or received by David Bains.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request on the ground that it is overly broad in time and scope.

19

Defendant objects to this request on the ground that it seeks personal information protected by

United Kingdom and European Union regulations concerning data privacy.

Defendant objects to producing any documents already produced by Plaintiff or any

party in this action. Subject to and without waiving the foregoing objections, Defendant

responds as follows: Defendant will produce non-privileged, documents responsive to this RFP

in its possession, custody, or control.

**REQUEST NO 11:** A copy of any training materials used by you or someone on your behalf
relating to the training of managers and employees regarding prohibited acts of discrimination or
retaliation.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request on the grounds that the phrase, "trainings . . . regarding

prohibited acts of discrimination or retaliation" is vague and ambiguous.  Defendant interprets this

phrase as asking for training materials for managers and employees on discrimination in the

workplace. Defendant objects to producing any documents already produced by Plaintiff or any

party in this action. Subject to and without waiving the foregoing objections, Defendant

responds as follows: Defendant will produce non-privileged, documents responsive to this RFP

in its possession, custody, or control.

**REQUEST NO. 12:** Any records of anti-harassment, anti-discrimination or EEO training taken
by any individual at the Director level or above in the Corporate office or Headquarters structure.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request on the grounds that it is overbroad and unduly

burdensome and disproportionate and seeks information or documentation not relevant to the

\\NY - 066299/000165 - 7305346 v3

claims or defenses in this lawsuit. Defendant objects because the terms "the Corporate office or Headquarters structure" are undefined and vague.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO. 13:** All Documents relating to or pertaining to any informal or formal complaint of race discrimination, including charges and lawsuits.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this Request on the grounds that it is unduly burdensome and disproportionate and overbroad, particularly for an international company such as Defendant with thousands of employees. Defendant objects that this Request seeks information not relevant to the claims or defenses in this lawsuit, such as complaints involving different departments in different parts of the world. Defendant objects that this Request seeks information in violation of privacy rights of third parties. Defendant interprets this Request as asking for documents relating to internal or external complaints of race discrimination filed against Defendant Gorman during his employment at Ciena.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 14:** All Documents relating to or pertaining to any performance appraisal or

21

rating given to Plaintiff during his tenure with Defendant.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this Request to the extent it seeks documents already within

Plaintiff's possession, custody or control.

Defendant objects to producing any documents already produced by Plaintiff or any

party in this action. Subject to and without waiving the foregoing objections, Defendant

responds as follows: Defendant will produce non-privileged, documents responsive to this RFP

in its possession, custody, or control.

**REQUEST NO 15:** All Documents pertaining to or reflective of any anti-discrimination, anti-harassment or EEO policies.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request to the extent it seeks documents already within

Plaintiff's possession, custody or control.

Defendant objects to producing any documents already produced by Plaintiff or any

party in this action. Subject to and without waiving the foregoing objections, Defendant

responds as follows: Defendant will produce non-privileged, documents responsive to this RFP

in its possession, custody, or control.

**REQUEST NO 16:** All Documents pertaining or related to setting compensation for employees at the Director level or above.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request on the grounds that it is overbroad and seeks

\\NY - 066299/000165 - 7305346 v3

information not relevant to the claims or defenses in this lawsuit, as this lawsuit relates to an allegedly discriminatory termination, not compensation, and involves only one department. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 17:** All Documents pertaining or related to Defendant's hiring practices, policies or procedures.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this Request on the grounds that it is overbroad and seeks information not relevant to the claims or defenses in this lawsuit, as this lawsuit relates to an allegedly discriminatory termination, not hiring, and involves only a single department. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 18:** All Documents pertaining to or reflecting the race or racial composition of employees encumbering a position at the level of Director or above.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request on the grounds that it is overbroad in scope and time. Defendant further objects that the term "encumbering" is vague and ambiguous. Defendant objects to this Request to the extent it seeks information about employees outside of Defendant Gorman's organization, which is not relevant to any claim or defense in this case. Defendant interprets this Request as asking for documents relating to the race or racial composition of employees holding positions at the Director level or above in Defendant Gorman's organization

23

during the time period Plaintiff was employed by Ciena.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control, however, Defendant states that the only individual fitting this description, other than Plaintiff, is David Bains, who is Caucasian.

**REQUEST NO 19:** All Documents pertaining to the performance of Mark Gorman, including any disciplinary records.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this Request on the grounds that it is overbroad in scope and seeks information not relevant to the claims or defenses in this lawsuit. Defendant interprets this request as seeking formal reviews or disciplinary records of Defendant Gorman.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 20:** All Documents pertaining to the performance of David Bains, including any disciplinary records.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request on the grounds that it is overbroad in scope and seeks information not relevant to the claims or defenses in this lawsuit, as David Bains' performance is not at issue in this case. Defendant interprets this Request as seeking formal reviews or

24

disciplinary records of David Bains.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO 21:**  All Documents pertaining to Plaintiff's separation from Ciena, including communications between Plaintiff and Ciena employees or between Defendant's employees.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request to the extent it seeks documents already within Plaintiff's possession, custody or control.  Defendant objects to the extent this Request seeks information protected by attorney client privilege, the work product doctrine, or related protections. Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO. 22:**  All Documents pertaining to any investigation of complaints against Mark Gorman, including any complaint made by Plaintiff.

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this Request on the ground that it is overbroad, and the term "complaints" is vague.  Defendant further objects to this Request to the extent it seeks information already in Plaintiff's possession, custody or control. Defendant interprets this Request as seeking information relating to the investigation of race discrimination complaints

25

\\NY - 066299/000165 - 7305346 v3

made against Mark Gorman.

Defendant objects to producing any documents already produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has no non-privileged, documents responsive to this RFP in its possession, custody, or control.

**REQUEST NO. 23:** All Documents pertaining to or reflecting the racial demographics of employees at the Director level or above.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this Request on the ground that it is overbroad in time and scope and duplicative of Plaintiff's Request No. 18, and incorporates its response and objections herein.

**REQUEST NO. 24:** All Documents pertaining to cost or budget overruns on any project managed by Mark Gorman or for which Mark Gorman had supervisory duties or responsibilities, including any projects in which Mark Gorman and Plaintiff both worked.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this Request on the grounds that it is overbroad in time and scope and seeks documents not relevant to the claims or defenses in this lawsuit. Defendant is willing to meet and confer with Plaintiff regarding documents that pertain to specific projects on which Defendant Gorman worked with Plaintiff only. Defendant objects to producing any documents already produced by Plaintiff or any party in this action.

**REQUEST NO 25:** All written performance appraisals or ratings for any individual supervised

26

by Mark Gorman during Plaintiff's tenure with Ciena.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this Request on the grounds that it is overbroad in scope and violates

the privacy rights of third parties, and seeks information not relevant to any claim or defense in

this lawsuit. Defendant objects to producing any documents already produced by Plaintiff or

any party in this action.

**REQUEST NO 26:** All Documents pertaining to any policy concerning references for current
or former employees of Ciena.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this Request on the ground that is seeks information not relevant to

the claims or defenses in this lawsuit. Defendant objects to producing any documents already

produced by Plaintiff or any party in this action. Subject to and without waiving the foregoing

objections, Defendant responds as follows: Defendant will produce non-privileged, documents

responsive to this RFP in its possession, custody, or control.

Dated: Washington, D.C.
       February 21, 2017

HOGAN LOVELLS US LLP
By: /s/ George W. Ingham
Stanley J. Brown (D. Md. Bar No.
8205010043)
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000
Fax: (212) 918-3100

\\NY - 066298/000165 - 7305346 v3

stanley.brown@hoganlovells.com

George W. Ingham (*admitted pro hac vice*,
Bar No. 803120)
HOGAN LOVELLS US LLP
7930 Jones Branch Dr., 9th Floor
McLean, VA 22102
Tel: (703) 610-6286
Fax: (703) 610-6200
george.ingham@hoganlovells.com

*Attorneys for Defendant*

TO:   Eden Brown Gaines
      Brown Gaines, LLC
      840 First Street, NE
      3rd Floor
      Washington, DC 20005
      202-370-7543 (office)
      301-542-0032 (facsimile)
      egaines@browngaines.com

28

## VERIFICATION OF INTERROGATORY RESPONSES

I, Mark Gorman, am Vice President, Corporate Real Estate & Facilities of Ciena Corporation. I am the agent of Ciena Corporation for the purpose of answering the foregoing Interrogatories. I have read the foregoing Interrogatories and the answers to same, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this *20* day of *February* 20 *17*.

_____
Signature

29

## CERTIFICATE OF SERVICE

I, George Ingham, certify that a copy of the foregoing was served via electronic mail this 21st day of February, 2017 upon the following:

Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20005
egaines@browngaines.com

30