| | |
|---|---|
| **Subject:** | Ciena/Parker/Objections to 30(b)(6) Deposition / Meet and Confer Attempt |
| **Date:** | Sunday, February 26, 2017 at 9:58:59 PM Eastern Standard Time |
| **From:** | Ingham, George W. <george.ingham@hoganlovells.com> |
| **To:** | egaines@browngaines.com <egaines@browngaines.com> |
| **CC:** | Milner, Dianne <dianne.milner@hoganlovells.com>, Ingham, George W. <george.ingham@hoganlovells.com> |
| **Attachments:** | image001.jpg |

Exhibit B<br>PL Motion to Compel

Eden,

As mentioned in my email of February 23. Ciena objects to some of the topics in Plaintiff's Notice of 30(b)(6) Deposition to Defendant Ciena Corporation. For the reasons set forth below, Ciena asks that you withdraw the following topics and document requests, or agree to modify them as requested. Please let me know your response by March 1, 2017. I hope we can work through these issues promptly without involving the court.

The following objections are given without prejudice to Ciena's right to add, modify, or otherwise change or amend its objections herein.

**Objections to Topics Enumerated in Schedule A:**

**Topic #1:** Defendant, Ciena Corporation's ("Defendant") hiring practices, policies and procedures.

**Response:** Ciena objects to this topic on the ground that it is not reasonably particularized. "Hiring practices, policies, and procedures" is an open-ended term that lacks specificity, particularly in light of the fact that Plaintiff has not alleged any particular discriminatory hiring practice, policy, or procedure in this case. It also seeks information not relevant to the claims or defenses in this lawsuit, as Plaintiff has not alleged any discriminatory hiring practices. Ciena therefore does not intend to designate a witness for this topic.

**Topic #3:** Organizational structure of Defendant, including its headquarters and international divisions or branches. Defendant should understand position structure within the organizations.

**Response**: Ciena objects to this topic on the ground that it is not reasonably particularized, and Ciena does not understand the detail by which its witness must be prepared to testify as to this topic. Ciena will prepare a witness to testify to the general structure of Ciena, however, it cannot with any precision discern exactly what the witness will need to be prepared to testify about besides this generality.

**Topic #5**: Employment history of David Bains, including dates of employment, positions held, duties and responsibilities of positions held, performance, compensation, training record, complaints against and discipline.

**Response**: Ciena objects to preparing a witness to testify as to Mr. Bains' "training record," a vague and undefined term. There is no allegation that Mr. Bains' "training record" has any bearing on this lawsuit, nor is it clear what types of training this topic is intended to reference. Ciena will designate a witness to testify as to the remaining topics of this request.

**Topic #6:** Hiring and recruitment for director level positions, or the hierarchical equivalent of the position held by Plaintiff and above for the period between January 2011 and December 31, 2014.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized, particularly in terms of what is meant by "hiring and recruitment" or "the hierarchical equivalent." Ciena objects to this topic on the ground that it is overbroad and unduly burdensome, and disproportionate. Plaintiff has not alleged any discriminatory hiring or recruitment practices, nor is any group within Ciena's organization relevant to this case other than the Corporate Real Estate & Facilities (CREF) group where Plaintiff worked. The burden of preparing a witness to testify as to directors in other groups across Ciena's organization vastly outweighs whatever relevance (if any) such directors have to this case. Ciena therefore does not intend to designate a witness for this topic.

**Topic #7:** Duties and responsibilities of director level positions or the hierarchical equivalent of the position held by Plaintiff for the period between January 2011 and December 31, 2014.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized, particularly as to the term "hierarchical equivalent." Ciena objects to this topic on the ground that it is overbroad and unduly burdensome and disproportionate. Plaintiff has not alleged any discrimination outside of the actions of Mark Gorman or outside of the CREF group and the burden of preparing a witness to testify as to directors in other groups vastly outweighs whatever relevance (if any) such directors have to this case. Ciena therefore does not intend to designate a witness for this topic.

**Topic #9:** Racial demographics of executive level headquarters and staff in the Corporate Real Estate Division, and Plaintiff and David Bains' departments between January 2011 and December 2014.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized as to the terms "executive level headquarters and staff" and "Plaintiff and David Bains' departments." Ciena objects to this topic on the ground that it is overly broad as it appears to seek information about staff outside of CREF. Ciena objects to this topic on the ground that Plaintiff already knows this information. Ciena also objects to this topic because it invades the privacy of the individuals to the extent that it seeks to determine how these individuals have self-identified their own racial classifications. Mark Gorman will testify only as to the racial demographics of the CREF group during the time period of Plaintiff's employment, based on his own visual identification.

**Topic #10:** Racial demographics of all individuals encumbering a Director or Director level position with Defendant between January 2011 and December 2014.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized, particularly with respect to the term "Director level position." Ciena objects that the term "encumbering" is vague and interprets this term to mean "holding." Ciena objects to this topic on the ground that it is overbroad and unduly burdensome. Plaintiff has not alleged any discrimination outside of the actions of Mark Gorman, or outside of the CREF group. This topic also invades the privacy of the individuals to the extent that it seeks to determine how these individuals have self-identified their own racial classifications. The burden of preparing a witness to testify as to racial demographics of other groups within Ciena vastly outweighs whatever relevant (if any) this information has to this case. Ciena therefore does not intend to designate a witness for this topic.

**Topic #12:** Compensation for all Directors in the Corporate Real Estate organization or the umbrella organization for Plaintiff's position.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized,

particularly with respect to the term "umbrella organization." Ciena objects to this topic to the extent it seeks compensation information for anyone outside the CREF group. This topic also invades privacy of Ciena employees. Mark Gorman will testify as to the compensation information for Directors in the CREF group only.

**Topic #14:** Position eliminations within the Corporate Real Estate organization or the umbrella organization for Plaintiff's position between January 2013 and December 2014.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized, particularly with respect to the term "umbrella organization." Ciena objects to this topic to the extent it seeks information about anyone outside the CREF group.  Mark Gorman will testify to information regarding Directors in the CREF group only.

**Topic #16:** Any and all complaints of racial discrimination, whether formal or informal, to include lawsuits, charges of discrimination or complaints filed with administrative agencies, and internal complaints, asserted between January 2011 and December 2015.

> **Response:** Ciena objects to this topic because it is not reasonably particularized, particularly given that it does not set an outer limit as to the term "complaints of racial discrimination." Ciena objects to this topic on the ground that it is overbroad and unduly burdensome in that it seeks information about discrimination outside of the CREF group and for a timeframe outside of Plaintiff's employment.  Mark Gorman will testify to this topic as it relates to the CREF group only and during the time period of Plaintiff's employment only.

**Topic #18:** Project Capstan (Station Ridge, Hanover, Maryland), including budget, staffing and practices and policies concerning expenditure approvals.

> **Response:**  Ciena objects to this topic on the ground that it is not reasonably particularized and would require Ciena to prepare a witness to testify generally about Project Capstan without any limitations. Accordingly, this request is overbroad and unduly burdensome. As Plaintiff knows, Project Capstan involved a substantial number of current and former employees and outside contractors, and to prepare a witness to testify as to the topic in its entirety would be extremely burdensome and would be entirely disproportionate to the issues and amount in controversy in this case. Further, Plaintiff has noticed an individual deposition of Mark Gorman, and can ask Mr. Gorman about his personal knowledge about Project Capstan. Ciena therefore does not intend to designate a witness for this topic.

**Topic #19:** San Jose, California project (1741 Technology Drive lease expiration and relocation), including budget, staffing and practices and policies concerning expenditure approvals.

> **Response:** Ciena objects to this topic on the ground that it is not reasonably particularized and would require Ciena to prepare a witness to testify generally about the San Jose project without any limitations. Accordingly, this request is overbroad and unduly burdensome. As Plaintiff knows, the San Jose project involved a large number of current and former employees and outside contractors, and to prepare a witness to testify as to the topic in its entirety would be extremely burdensome and would be entirely disproportionate to the issues and amount in controversy in this case. Further, Plaintiff has noticed an individual deposition of Mark Gorman, and can ask Mr. Gorman about his personal knowledge about the San Jose project. Ciena therefore does not intend to designate a witness for this topic.

**Topic #20:** Defendant's document retention and preservation policies and practices as relating to the instant

lawsuit.

> **Response:** Ciena objects to this topic on the grounds that it seeks privileged information and information not relevant to the claims or defenses in this lawsuit given that there is no allegation that Ciena has failed to preserve any relevant documents. Ciena therefore does not intend to designate a witness for this topic.

**Topic #21:** Defendant's email and document storage systems.

> **Response:** Ciena objects to this topic on the ground that it seeks information not relevant to the claims or defense in this lawsuit. Ciena further objects to this topic on the ground that it would also be unduly burdensome and disproportionately expensive to prepare a representative from Ciena's IT department to testify as to this issue when there is no allegation that Ciena has failed to preserve any relevant documents. Ciena therefore does not intend to designate a witness for this topic.

**Objections to Document Requests Enumerated in Schedule A:**

As a general matter, Ciena objects to all of the document requests enumerated in Schedule A to the extent they request documents already produced by Plaintiff or Defendants in this litigation.

**Request #1:** Any and all documents reflecting the racial demographics of headquarters, the Corporate Real Estate Division and the departments of Plaintiff and David Bains from January 2011 to December 2014.

> **Response:** Ciena objects to this request on the ground that it is vague as to the term "departments of Plaintiff and David Bains." Ciena objects to this request on the ground that it is overly broad as it appears to seek information about staff outside of CREF. This topic also invades the privacy of the individuals to the extent that it seeks to obtain documents showing these individuals' private voluntary self-identifications of race/ethnicity. Ciena further objects because this information is known to Plaintiff. Further, Ciena objects because Plaintiff can obtain this information in a less burdensome method: by asking Mr. Gorman this information in his personal deposition or in his deposition as a 30(b)(6) witness. Ciena will not produce documents responsive to this request.

**Request #2:** Any and all documents reflecting the racial demographics of Directors within Defendant between January 2011 and December 2014.

> **Response:** Ciena objects to this request on the ground that it is overbroad and unduly burdensome; Plaintiff has not alleged any discrimination outside of the actions of Mark Gorman, and the CREF group. This topic also invades the privacy of the individuals to the extent that it seeks to determine how these individuals have self-identified their own racial/ethnic classifications. Ciena incorporates all of its objections to Request #1. Ciena will not produce documents responsive to this request.

**Request #3:** Any and all documents relating to Defendant's performance rating, management or appraisal policies and practices.

> **Response:** Ciena objects to this request as vague and potentially overbroad and interprets it as requesting its performance rating policies. Ciena objects to this request on the ground that it has already produced the documents responsive to this request. Ciena has no further documents to produce in response to this request.

**Request #4:** Any and all documents pertaining to the elimination of any positions within the Corporate Real Estate Division between January 2013 and December 2014.

>  **Response:** Ciena objects to this request on the ground that it has already produced the documents responsive to this request. Ciena has no further documents to produce in response to this request.

**Request #5:** Any and all documents reflecting Defendant termination or separation policies and practices.

>  **Response:** Ciena objects to this request as vague and potentially overbroad and interprets it as requesting its termination of employment policies. Ciena objects to this request on the ground that it has already produced the documents responsive to this request. Ciena has no further documents to produce in response to this request.

**Request #6:** Any and all documents relating to expenditure approvals and budget overruns on Project Capstan and the San Jose projects.

>  **Response:** Ciena objects to this request on the ground that it is overbroad, unduly burdensome, and disproportionate in light of the issues and potential liability in this lawsuit. Ciena objects that the term "budget overruns" is vague. Ciena further objects that this request potentially demands thousands of documents, all of which have tangential relevance to the actual legal issue in this case which is whether Plaintiff was terminated because of his race. Further, Plaintiff has already produced thousands of documents that he views as responsive to this request. Ciena will not produce documents responsive to this request.

**Request #7:** Defendant's employee handbook between January 2011 and December 2014.

>  **Response:** Ciena objects to this request on the ground that it has already produced the documents responsive to this request. Ciena has no further documents to produce in response to this request.

Sincerely,
George Ingham


**George Ingham**
Senior Associate

**Hogan Lovells US LLP**
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102-3302

Tel:       +1 703 610 6100
Direct:    +1 703 610 6286
Fax:       +1 703 610 6200
Email:     george.ingham@hoganlovells.com
           www.hoganlovells.com

*Please consider the environment before printing this e-mail.*



**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.