IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM PARKER

   Plaintiff,

v.             CIVIL NO.: GLR-14-4036

CIENA CORPORATION, et al.

   Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case was referred to me for Discovery on March 22, 2017 (ECF 44). Plaintiff has now filed a motion to compel responses to written discovery (ECF 58). The parties have exchanged correspondence on many occasions and have not been able to resolve their discovery disputes as outlined in the motion to compel. To describe the parties' relationship as contentious is generous. In an effort to resolve all outstanding discovery matters, including a show cause why Plaintiff should not be held in contempt for violating the Court's previous discovery order (ECF 54), a hearing was conducted on May 5, 2017 (ECF 66). I have reviewed the motion, response, reply, surreply and considered as well, the proffered information and arguments of counsel received at the hearing on May 5, 2017. No further hearing is necessary in this case. Local Rule 105.6.

### Introduction

In general, Defendants object to the broad and unlimited nature of Plaintiff's discovery requests both in interrogatories as well as requests for production of documents. Plaintiff's

1

counsel at the hearing asserted that Plaintiff has a right to ask for all of the information, in fact, remarking to the Court, "that is discovery 101, your honor". Plaintiff appears to ignore the 2015 changes in Fed. R. Civ. P. 26(b) as well as the Local Rules, Appendix A.

The Plaintiff, who is African American, was hired by Defendant Gorman as the Director of Regional Property Management and Facilities for the Americas, a small division of Ciena with about 40 employees. Ciena is an international network strategy and technology company with over 5,000 employees. Defendant Gorman was at all times, the supervisor of Plaintiff. Gorman hired Plaintiff because Plaintiff had worked with him previously at Nortel Industries and had lost his job. Plaintiff was employed at Ciena from June 2011 until July 12, 2013. Plaintiff refused a severance package when he left Ciena and soon thereafter became employed with another company, thus mitigating his damages.

Plaintiff filed a five count complaint alleging that Defendant Gorman had fired Plaintiff because of his race. The Court dismissed four of the counts (including the retaliation claim) and allowed Plaintiff to file an Amended Complaint alleging more facts to support a disparate treatment claim that Plaintiff was treated differently than similarly situated white Directors within his branch. Plaintiff named a single comparator, David Baines, who was also a Director supervised by Gorman. Baines was not employed in Plaintiff's unit but worked in an overseas unit. As stated previously, Plaintiff has limited damages since he became employed promptly after leaving Ciena.

At the hearing, the Court attempted to mediate the dispute and have each party compromise in order to move discovery forward. It was apparent that Plaintiff was not willing to compromise but insisted that the discovery rules allowed him to obtain broad and unfettered information in order to build his claim. Plaintiff's counsel argued that her client should not have

to compromise any right to discovery. The Defendants agreed to compromise by providing additional discovery that was requested by the Court in order to satisfy Plaintiff's interrogatories and requests for production. Defendants filed a Surreply (ECF 67), which the Court permitted in advance at the hearing, encouraging both sides to file any additional documents directly with the Court. In the Surreply, Defendants set forth the additional discovery they provided in response to the May 5, 2017 hearing.

**Discussion**

Maryland cases have often recognized a plaintiff's burden to prove a *prima facie* cause of action and damages. *See, e.g., Wood v. Abell,* 268 Md. 214, 233, 300 A.2d 665 (1973) (holding that plaintiffs have the burden to prove negligence and damages); *Jones v. Federal Paper Bd. Co., Inc.,* 252 Md. 475, 485, 250 A.2d 653 (1969) (holding in a negligence action that "plaintiffs had the burden of proving their damages beyond mere conjecture and speculation...."); *Brock Bridge Ltd. Partnership, Inc. v. Development Facilitators, Inc.,* 114 Md.App. 144, 157, 689 A.2d 622 (1997) (holding in an action for breach of contract that "the plaintiff bears the burden of adducing sufficient evidence from which the amount of damages can be determined...."). Clearly, it is Plaintiff's burden to prove a prima facie case.

In this discovery dispute, the Court is guided by Fed. R. Civ. P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy and inexpensive conduct of discovery, in light of what is relevant to any party's claim or defense; proportional to what is at issue in a case and not excessively burdensome or expensive compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1.

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch*

3

*Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md.2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii).

In this case, Plaintiff is seeking discovery that is well beyond the scope of his now limited Amended Complaint. Plaintiff has requested information and responses related to Directors *and above* that were not supervised by Defendant Gorman. This broad and non-specific request violates Fed. R. Civ. P. 26(b) and the Local Rules. Plaintiff appears to be searching for more persons, through discovery, to identify as comparators, what Plaintiff's counsel referred to as "discovery 101". Plaintiff is reminded that the Court dismissed his complaint because of his lack of factual support of comparators and allowed him to amend his complaint which he did and identified Mr. Baines with facts alleged to be sufficient for pleading purposes. Though a comparator need not be an exact match, there must be enough common features between the established individuals to allow for a meaningful comparison. *Haywood v. Locke*, 387 F. Appx. 355, 359 (4th Cir. 2010). Plaintiff has identified the only person he alleges is a comparator who shares the same supervisor. Any information reaching to Directors outside of Plaintiff's unit

4

would not be relevant, would impose an undue burden and expense on Defendants, considering the needs of the case and the importance of discovery in resolving those issues. Fed. R. Civ. P. 26(b). Measuring Plaintiff's requested compelled discovery "against the yardstick of proportionality" in this narrow and limited complaint, clearly demonstrates that Plaintiff's motion to compel demands discovery that is not proportional to his claim. *Victor Stanley, Inc.*, *supra*.

### Conclusion

After reviewing the pleadings in this matter and the arguments and proffered evidence of the May 5, 2017 hearing, it is hereby ORDERED, that Plaintiff's Motion to Compel is DENIED. Defendants have complied with the Court's request at the hearing on May 5, 2017, to provide additional information to Plaintiff. Both parties are reminded of their continued requirement to provide discovery consistent with the hearing of May 5, 2017, this Memorandum Opinion, Fed. R.Civ. P. 26 and the Local Rules, Appendix A.

30 May 2017
Date

A. David Copperthite
United States Magistrate Judge